STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of East Barre        }
Mobile Home Park, Inc. and         }
Pleasant View Mobile Home          }    Docket No. 152-7-00 Vtec
Park, Inc.                         }
                                   }

Decision and Order on Pending Motions

Appellants East Barre Mobile Home Park, Inc. and Pleasant View Mobile Home Park, Inc. appealed from two decisions of the Zoning Board of Adjustment (ZBA) of the Town of Barre issued on June 21, 2000, granting certain variance requests not at issue in these appeals, and denying variances from § 3.7(c) of the Zoning Regulations. Appellants appeared through their vice-president Linda Labrie; the Town is represented by Bruce Bjornlund, Esq.

The Court had already ruled on Appellants' motions for summary judgment, concluding that the existing mobile home lots with compacted gravel pads came into existence prior to the adoption of the zoning requirement and were entitled to continue under the pre-existing non-conforming use provisions of § 2.7 of the Zoning Regulations. The Court remanded the appeal to the extent necessary for Appellants to apply to the ZBA under that section.

While the § 2.7 issue was pending on remand, Appellants renewed their motions for summary judgment on the remaining questions in the appeal: whether § 3.7 discriminates against mobile homes, and whether § 2.2 does or does not require a zoning permit to be obtained when a change of mobile homes occurs on a mobile home lot, if the size of the mobile home is not enlarged.

On remand, on July 18, 2001, the ZBA denied Appellants' application under § 2.7.

Appellants have moved to amend their statement of questions in the present appeal to incorporate the merits of their application under § 2.7 in this case. That motion is GRANTED as the Court retained jurisdiction of the appeal and had only remanded the application to the extent necessary to allow the ZBA to rule on the issue in the first instance.

Appellants also filed a motion seeking to stay the enforcement of the ZBA's decision on § 2.7. First, the motion to stay should have been filed with the ZBA ; this Court should only rule on a request for stay that has been addressed by the local board. See 24 V.S.A. § 4466. Also, the request for stay appears to have become moot, as the proposed transfers were to have been completed by October 1, 2001, and no enforcement action has been taken by the Town to date. Appellants' motion to stay is DENIED as moot, without prejudice to its renewal if necessary at some later time.

With the renewed motion for summary judgment, Appellants have now submitted the complete zoning bylaws and Permit #88-71.

With regard to Lots 19, 20, 21 and 22 added to the Pleasant View Mobile Home Park by Permit #88-71, nothing in the application or permit states that the pads are gravel pads, therefore those lots did not acquire any approval of the gravel pads by virtue of Permit #88-71. As to these four lots, if Appellants are applying to change mobile homes on these lots, we must reach Appellants' argument that the zoning ordinance improperly discriminates against mobile homes. As stated in the prior summary judgment motion, material facts are in dispute at least as to whether a conventional home or manufactured home could be constructed on a foundation consisting of a gravel pad and concrete blocks.

On the other hand, Lots 2 through 18 of the Pleasant View Mobile Home Park and Lots 1 through 7 of the East Barre Mobile Home Park have all been determined to be pre-existing nonconforming lots entitled to continue with nonconforming gravel pads. Section 2.2 of the Zoning Ordinance requires a zoning permit for all land or building development. The replacement of one building or structure with another falls within the common usage of the term " building development," which we must apply in the absence of a specific definition in the ordinance. However, even if a zoning permit is required each time one mobile home replaces another on an existing gravel pad, Appellants can only be required to upgrade the gravel pad to a slab if the gravel pad is being enlarged or extended and if Appellants do not qualify to retain the gravel pad under § 2.7. Material facts are in dispute; therefore summary judgment is denied. The questions of whether the gravel pad is being enlarged, and, if so, whether any greater detrimental effect on the community will result from the somewhat larger gravel pad than from the existing gravel pad, are the questions before the court on the merits of the § 2.7(3) application.

The Court will hold a telephone conference with the parties on December 14, 2001, to discuss the scheduling of the hearing on the merits of this appeal, and whether Appellants plan to present evidence on the variance criteria as well as the § 2.7(c) criteria. The notice of the time for that conference is enclosed with this decision.

Done at Barre, Vermont, this 10th day of December, 2001.

_____
Merideth Wright
Environmental Judge